UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:23-cr-202 (BAH) |
| v. : | |
| : | |
| KENNETH ADEMOLA OLUGBENGA, : | |
| et al., : | |
| : | |
| Defendants. : | |

**PROTECTIVE ORDER**
**GOVERNING DISCOVERY**

To expedite discovery provided by the government to the defendants, and to adequately protect the privacy rights of the persons identified therein, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), it is hereby **ORDERED**:

1. **Materials Subject to this Order.** All materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, the "Materials") are subject to this protective order (the "Order" or the "Protective Order").

2. **Legal Defense Team.** The "legal defense team" includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case. The legal defense team shall not include the defendant or the defendant's family members, friends, or associates.

3. **Limitations on Dissemination.** Except as otherwise permitted by this Order, the legal defense team shall not disseminate the Materials directly or through any person or instrumentality to any person, entity, or public forum, other than members of the legal defense team and the defendant.

4. **Limitations on Use.** Subject to the limitations contained in this Order and without further order of the Court, the defendant and the legal defense team may use the Materials solely in connection with this case, including any post-conviction or appellate litigation, and for no other purpose, and in connection with no other proceeding. The legal defense team may discuss the Materials with, and defense counsel may authorize the viewing of the Materials by: (A) the defendant; and (B) other persons to whom this Court may authorize (hereinafter "court-authorized persons").

5. **Limitations on Reproduction.** Subject to the limitations contained in this Order, the legal defense team may physically or electronically reproduce the Materials as deemed necessary by defense counsel for use in connection with this case. Dissemination of the Materials is subject to the provisions of Paragraph 3 of this Order. Any reproductions of the Materials authorized by defense counsel shall be treated in the same manner as the original Materials.

6. **Storage Requirements.** Except as authorized herein, the legal defense team shall store the Materials in a secure physical or electronic environment that limits access to members of the legal defense team. Defense counsel shall be responsible and accountable for maintaining, securing, and storing the Materials, including all reproductions thereof, and taking all necessary precautions to prevent unauthorized access.

7. **Protected Materials:** During the course of the investigation, which concerns members of a Northwest Washington, D.C. street crew known as the "Kennedy Street Crew," or "KDY," the United States has gathered documents, including electronic records, which contain confidential information and personal identifiers for the defendants, other targets, witnesses, and non-parties in this case. These documents and electronic evidence include, but are not limited to, medical records, data extractions from electronic devices, telephone records, and other documents

generated by search warrants, grand jury or administrative subpoena, and will be designated as "Protected Materials" in discovery production. These Protected Materials are a subset of the Materials. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. Accordingly, this Order restricts the use and dissemination of the Protected Materials due to safety concerns, as well as for the safeguarding of sensitive and personal identifying information.

8. **Limited Scope of Reproduction**: The defendants' attorney(s) of record may make copies/reproductions of the Protected Materials for disclosure to the legal defense team for the purpose of preparing to defend their client(s) against the charges filed in this case, including using the Protected Materials at trial or any other hearings in this matter with permission from the Court. However, no such disclosure of the Protected Materials or copies thereof may be made unless the legal defense team on this case read this Protective Order and agree to be bound by its terms.

9. **Responsibility to Prevent Reproduction During Client Viewing.** If defense counsel authorizes the defendant or a court-authorized person to view the Protected Materials, the legal defense team shall ensure that the defendant or such court-authorized person does not copy, photograph, take screenshots, or otherwise reproduce the Protected Materials. In addition, the Order prohibits the defendant from reviewing any Protected Materials outside of the presence of the legal defense team.

10. **Notifications Regarding this Order.** Defense counsel must provide members of the legal defense team, the defendant, and any other court-authorized person, with a copy of this Order before providing them with access to, or permitting them to view, the Materials. The defendant's attorney(s) of record shall inform any person to whom disclosure may be made pursuant to this Order of the existence and terms of this Order.

11.     **Disposition Following the Conclusion of this Criminal Case.**  Following a dismissal or acquittal in this case, defense counsel shall destroy or return to the United States the Materials.  Following a conviction in this case, defense counsel may retain a copy of the Materials.  This Order shall remain in effect after the conclusion of this case and shall continue to govern the dissemination, use, reproduction, storage, and retention of the Materials disclosed in this case.  Nothing in this Order prevents the government from seeking a court order to further restrict the retention of the Materials, and nothing in this Order prevents defense counsel from seeking a court order allowing broader retention of the Materials.

12.     **Automatic Exclusions from this Order.**  This Order does not apply to the Materials that are, or later become, part of the public record, including Materials that have been received in evidence in this or other public trials, or Materials that are publicly released by the U.S. Attorney's Office or the government of the District of Columbia, including the Metropolitan Police Department.

13.     **Scope of this Order.**  This Order does not prevent any party from objecting to the discovery or admission of the Materials that it otherwise believes to be improper.  This Order also does not constitute a ruling on: (A) any potential objection to the discoverability or admissibility of the Materials; or (B) whether any particular part or parts of the Materials is properly discoverable or admissible.  This Order is not intended to limit the use of the Materials in any judicial proceedings in this case.

14.     **No Waiver**.  The failure by the United States to designate any Materials as Protected Materials upon disclosure shall not constitute a waiver of the United States' ability to later designate the Materials as Protected.

15. **Modification of this Order.** Consent to this Order does not constitute a waiver or otherwise prevent any party from seeking modification of this Order. **SO ORDERED** this 10th day of July, 2023.

_____
HONORABLE BERYL A. HOWELL
United States District Judge