UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 23-cr-202 (BAH) |
| v. | : | |
| | : | |
| JOVAN WILLIAMS (7), | : | |
| | : | |
| Defendant. | : | |

FILED
SEP 0 5 2024
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I. Summary of the Plea Agreement

Jovan Williams (hereafter, "the Defendant") agrees to admit guilt and enter a plea of guilty to Counts 1 and 51 of the Superseding Indictment, charging him with Conspiracy to Distribute and Possess with Intent to Distribute 100 Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), and 846 (Count 1) and Carjacking while Armed and Aiding and Abetting, in violation of 22 D.C. Code §§ 2803, 4502, and 1805 (Count 51).

II. Elements of the Offense

The essential elements of Count 1 of the Superseding Indictment, Conspiracy to Possess 100 Kilograms or More of Marijuana with the Intent to Distribute, each of which the Government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) An agreement existed between two or more persons to commit the crimes of distribution and possession with the intent to distribute a controlled substance, that is, marijuana;

(2) The Defendant intentionally joined in that illegal agreement; and

(3) The amount of said mixture and substance, which includes the reasonably foreseeable conduct of all the members of the conspiracy known to the defendant, was 100 kilograms or more.

Count 51 of the Superseding Indictment charges that, on November 17, 2023, the Defendant committed and aided and abetted in the crime of carjacking while armed. The essential elements of the offense of carjacking while armed are:

(1) The Defendant took a motor vehicle from the immediate actual possession of the complainant against the complainant's will;

(2) The Defendant took the motor vehicle without right to it;

(3) The Defendant used force or violence to take the motor vehicle by using actual physical force or violence and/or putting the complainant in fear;

(4) The Defendant did so while armed with a firearm or other weapon; and

(5) The Defendant did so voluntarily and on purpose, and not by mistake or accident.

III. Penalties for the Offense

The penalties for Conspiracy to Possess with the Intent to Distribute 100 Kilograms or More of a Detectable Amount of Marijuana, in violation of Title 21, United States Code, Sections 846, 860(a), 841(a)(1) and 841(b)(1)(B)(vii), are as follows:

(1) A term of imprisonment of no less than five years and no greater than 40 years,

(2) A fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $5,000,000,

(3) A term of supervised release of at least four years in addition to such term of imprisonment,

(4) An obligation to pay any applicable interest or penalties on fines and restitution not timely made, and

(5) A special assessment of $100.

The penalty for Carjacking while Armed and Aiding and Abetting, in violation of 22 D.C. Code §§ 2803, 4502, and 1805, is:

(1) A term of imprisonment of no less than 15 years and no greater than 40 years,

(2) A fine of not more than $125,000,

(3) A term of supervised release of not more than five years, and

(4) A special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

IV.   Brief Statement of the Facts

Had this case gone to trial, the Government's evidence would prove the following beyond a reasonable doubt:

1. The Defendant is a member of the Kennedy Street Crew, also known as "KDY," a group of individuals who operate as a street crew in and around the 100-1200 blocks of Kennedy Street in Northwest, Washington, D.C., as well as the surrounding streets. The Kennedy Street Neighborhood contains commercial businesses, public recreation centers, private residences, daycare facilities, and schools, all of which were surrounded by prolific open-air drug trafficking markets operated by KDY members, including the Defendant.

2. One of the narcotics sold in the open-air drug markets controlled by KDY was marijuana. As part of KDY's conspiracy to traffic narcotics in the Kennedy Street Neighborhood, members of the crew regularly flew to the Western United States, including Los Angeles, California, to procure bulk quantities of marijuana. The crew members would then smuggle the marijuana back to the District of Columbia via the

Washington, D.C. Metropolitan Area's international airports, and then resell the marijuana at significant profit in the Kennedy Street Neighborhood.

3. Over the course of the Defendant's participation in the Kennedy Street Crew's drug trafficking operation from at least June 2019 and continuing through at least November 2023, the amount of marijuana possessed with the intent to distribute that was reasonably foreseeable to the Defendant is more than 100 but less than 400 kilograms.

4. On January 26, 2023, law enforcement officers conducted an interdiction at Baltimore-Washington International Airport. Several KDY members were identified as smuggling marijuana back to the Washington, D.C. Metropolitan Area through BWI via an overnight flight from Los Angeles International Airport. Law enforcement seized approximately 39.2 kilograms of marijuana during the interdiction.

5. During the interdiction, multiple KDY members were able to evade law enforcement and left with at least two of the seven checked pieces of luggage. These individuals were followed by law enforcement travelling to a residence in the District of Columbia, 1704 D Street NE, and were observed entering the residence with several items of luggage.

6. Later that day, law enforcement applied for, received, and executed a same-day residential search warrant at 1704 D Street NE on January 26, 2023. That evening, law enforcement encountered the Defendant, along with several other KDY associates in the residence. Law enforcement also recovered ten firearms, assorted ammunition, approximately 21 kilograms of marijuana in suitcases consistent with those taken from the airport during the aforementioned interdiction, and approximately 40 grams of fentanyl-laced pills.

7. Two of the firearms recovered from the basement residence were a privately manufactured firearm (PMF) AR-style .223 caliber pistol and a Draco 7.62 x 39mm pistol. Both firearms were swabbed for DNA. The Defendant's DNA profile was included in the DNA profiles obtained from both firearms. The PMF AR-style .223 caliber pistol had been modified to fire, and did in fact fire, more than one shot automatically without manual reloading, with a single trigger function. The Defendant acknowledges that he possessed these firearms in connection with his participation in the drug trafficking conspiracy to which he is pleading guilty.

8. Earlier during the Defendant's participation in the KDY drug trafficking operation, on October 10, 2022, law enforcement officers responded to a shooting incident at a residence located at 2806 Southbridge Court in Bowie, Maryland.

9. During a search of the residence, law enforcement officers discovered mail matter addressed to the Defendant, school material bearing the Defendant's name, and a prescription bottle belonging to the Defendant. Law enforcement also discovered the following additional items in various locations throughout the residence: approximately 46.75 kilograms of marijuana, approximately 106.4 grams of oxycodone pills, approximately 79.6 grams of methamphetamine, approximately 66.2 grams of crack cocaine, approximately $46,948.00 in U.S. currency, a Glock handgun bearing serial number KKN758, a Glock 26 handgun bearing serial number BLED650, and a Smith & Wesson handgun bearing serial number HWL465.

10. The Defendant was charged in the Indictment in Case No. 23-cr-202 on June 15, 2023. In early-July 2023, the Defendant was publicly identified by the Metropolitan Police Department as a wanted individual.

11. While on fugitive status, on November 17, 2023, around 7:40 p.m., the Defendant and one or more ~~KDY~~ associates encountered J.M. in the 1800 block of Half Street SW soon after J.M. parked their white 2021 Chevrolet Corvette (hereafter, the "Corvette"). The Defendant, while armed with a handgun and wearing a ski mask, along with his ~~KDY~~ associates, exited stolen Audi and Lexus sedans (hereafter, the "Suspect Vehicles") and approached J.M.

12. While pointing a gun at J.M., the Defendant and his co-conspirators took from J.M. against J.M.'s will a Corvette car key, a Tesla car key with an affixed Apple Air Tag, and Apple Air Pods from the person of J.M. At the time they did so, J.M.'s Corvette was in J.M.'s immediate actual possession—J.M. was close enough to the Corvette to reasonably expect to exercise physical control over it had J.M. not been deterred by violence or fear. The Defendant and his co-conspirators then drove away in the Suspect Vehicles and the stolen Corvette. The Defendant and his co-conspirators took J.M.'s Corvette without any right to it.

13. Later that evening, at approximately 9:53 p.m., law enforcement tracked the Defendant and his ~~KDY~~ associates to 4752 Benning Road NE, using the location of the Apple Air Tag affixed to J.M.'s Tesla car key.

14. Within the laundry room of the building at 4752 Benning Road NE, law enforcement found and arrested the Defendant and two other ~~KDY~~ associates. Inside the washing machine, law enforcement recovered a black and grey privately manufactured firearm with a light attachment. Concealed within a hole in the ceiling of the laundry room, law enforcement found three more concealed firearms – a black pistol with serial number 386309333; a black Glock 19 with an obliterated serial number; and a black pistol with

6

serial number BBUU283 and a conversion device.

15. The Defendant agrees that he personally has read, or had read to him, the Indictment and Superseding Indictment in Case No. 23-cr-202 (BAH), including the allegations and charges against the Defendant and his co-defendants in those indictments. The Defendant agrees that he does not have information to dispute or disprove those allegations and charges against him or his co-defendants, set forth in the indictments in any way.

16. This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties, but it is a minimal statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the Defendant's plea of guilty to the charged crimes.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

17. This Statement of the Offense fairly and accurately summarizes and describes some of the Defendant's actions and involvement in the offenses to which he is pleading guilty.

        Respectfully Submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

        By: */s/ Sitara Witanachchi*
        SITARA WITANACHCHI
        MATTHEW W. KINSKEY
        D.C. Bar No. 1023007 (Witanachchi)
        D.C. Bar No. 1031975 (Kinskey)
        Assistant United States Attorneys
        Violence Reduction & Trafficking Offenses
        601 D Street, NW
        Washington, D.C. 20530

## DEFENDANT'S ACKNOWLEDGMENT

I have read each of the pages that constitute the Government's proffer of evidence and have discussed it with my attorney, Elita Amato, Esq., I fully understand this proffer and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in my plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this proffer and my plea agreement and matters related to it.

Date: 9/3/24

*J. Williams*
JOVAN WILLIAMS
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages that constitute the Government's Proffer of Evidence, reviewed them with my client, Jovan Williams, and discussed the provisions of the proffer with him fully. These pages accurately and completely set forth the Government's proof, as I understand it.

Date: 9/4/2024

Elita Amato, Esq.
Attorney for Defendant
Jovan Williams